IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD R. GERLT,

        Plaintiff,

    v.                    CASE NO. 12-3195-SAC

Warden Claude Maye,
et al.,

        Defendants.

**O R D E R**

Plaintiff styled his initial pleading in this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and filed it in the Western District of Missouri. That court transferred the action here because Mr. Gerlt was confined within the District of Kansas. This court screened the initial pleading and found several deficiencies including that Mr. Gerlt was complaining about conditions of his confinement, which are claims that may not be litigated in a habeas corpus petition. The court ordered plaintiff to file an Amended Complaint upon court-provided forms and to satisfy the prerequisites for the appropriate filing fee. Since the court's screening order was entered, Mr. Gerlt has submitted his First Amended Complaint (Doc. 7) and Motion for Leave to Proceed without Prepayment of Fees (Doc. 8). He also submitted two motions for preliminary relief (Docs. 9, 14); two motions for appointment of

1

counsel (Docs. 14, 18), a letter complaining of a lack of access to a law library and a copy machine[1] (Doc. 11) followed by a letter stating he had managed to obtain and send copies (Doc. 12); Motion Requesting Court Order for Preservation of Evidence (Doc. 15); and Motion to Amend Complaint (Doc. 16). Having considered these materials, the court finds as follows.

**ASSESSMENT OF INITIAL PARTIAL FILING FEE**

This action proceeds as a civil complaint because plaintiff challenges the conditions of his confinement. At the time this action was filed, the statutory fee for filing a civil complaint was $350.00. Plaintiff has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 8) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a prisoner granted such leave is not relieved of the obligation to pay the full fee for filing a civil action. Instead, being granted such leave merely entitles him to proceed without prepayment of the full fee, and to pay the filing fee over time through an initial partial filing fee followed by payments deducted automatically from his inmate trust fund account as authorized by

---

[1] Plaintiff has not filed a motion requesting court action as to these matters. In any event, this court accepts hand-written copies. Furthermore, in order to state a claim of a constitutional denial of access to the courts an inmate must show that a non-frivolous case filed by him has actually been prejudiced.

2

28 U.S.C. § 1915(b)(2).[2] Section 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's institutional account for the six-month period immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $44.29, and the average monthly balance was $27.67. The court therefore assesses an initial partial filing fee of $ 8.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further and within the time provided by the court. His failure to comply may result in dismissal of this action without further notice.

**MOTION TO AMEND COMPLAINT**

In the court's screening order, plaintiff was ordered to file an Amended Complaint that cured the numerous deficiencies discussed therein. He filed his First Amended Complaint (Doc. 7) pursuant to 28 U.S.C. § 1331 (Doc. 7) upon forms; however, it does not cure all deficiencies. The court declines to fully screen the First Amended Complaint at this time because, as noted, plaintiff has filed another

---

[2] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined is authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

Motion to Amend Complaint (Doc. 16), in which he seeks to file a Second Amended Complaint. Plaintiff was informed in the court's initial order that an amended complaint must be submitted upon court-approved forms and a complete copy of the amended complaint must be attached to a motion to amend. Plaintiff's latest Motion to Amend does not meet these directives. He has not attached to this motion to amend a complete Second Amended Complaint upon court-approved forms. The affidavit and exhibits he does attach do not comply with the court's prior directives or Rule 15 of the Federal Rules of Civil Procedure. Plaintiff is given time to submit his "Second Amended Complaint" upon court-approved forms. Mr. Gerlt is warned again that his Second Amended Complaint will completely supersede all prior complaints, and as a result the original complaint and the First Amended Complaint will no longer be before the court for consideration. Therefore, he must include all claims and all allegations he intends to present in his Second Amended Complaint and any not included will not be considered. Plaintiff's motion to amend is granted subject to his submitting a complete Second Amended Complaint upon forms within the time limit set by the court.

**FAILURE TO STATE FACTS TO SUPPORT CLAIMS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will

4

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In its screening order, the court found that plaintiff failed to state facts to support his claims and that he had not named as defendants the person or persons who actually caused him injury. In his Second Amended Complaint, Mr. Gerlt must name all defendants in the caption as required by Rule 10 of the Federal Rules of Civil Procedure. If he is unable to name a particular defendant, he must provide other descriptive or factual information regarding that defendant that is sufficient to allow service of process. As plaintiff was previously informed, his allegations of ADA violations were nothing but conclusory statements. He must allege facts to support his claims including that of "deliberate indifference" to his "serious medical and rehabilitation needs." In addition, he must show each defendant's personal participation. Therefore, in his Second Amended Complaint he is required to refer to each defendant in the caption and again in the body of his complaint, and in the

5

body describe the personal acts or inaction of each defendant showing their personal participation in the alleged violation of his federal constitutional rights. He must also provide the date(s) and the location(s) of each defendant's unconstitutional acts.[3]

The clerk will be directed to send plaintiff forms for filing his Second Amended Complaint and he must write that title and the number of this case on the top of the first page. Plaintiff is directed to utilize the forms he receives from the clerk and to carefully follow the accompanying directions. Once plaintiff files his Second Amended Complaint, the court will be required to screen that complaint. Plaintiff is cautioned that in his Second Amended Complaint he must cure all deficiencies discussed herein and in the court's prior screening order.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES MUST BE SHOWN**

---

[3] An exhibit attached to a motion filed by plaintiff is a copy of a part of a motion filed by him in his criminal case in the Western District of Missouri and indicates the following factual background. See Doc. 14-1; *USA v. Gerlt*, Case No. 09-cr-04017 (Doc. 174, filed June 18, 2012). On May 29, 2012, Mr. Gerlt was sentenced in the Western District of Missouri to 48 months confinement in the Federal Bureau of Prisons (BOP). Mr. Gerlt was at the time awaiting transfer to the BOP and was housed in the custody of the U.S. Marshal at the CCA – Leavenworth Detention Center. His attorney noted that the court was provided information and made findings regarding Mr. Gerlt's medical condition at sentencing. He moved that the court recommend to the BOP that it transfer Mr. Gerlt to a Federal Medical Center "as speedily as possible." Counsel stated that "while efforts have been made to deal with Mr. Gerlt's medical problems during his pretrial incarceration," Mr. Gerlt was in severe pain and required consultation with a specialist as well as physical therapy to assist him with use of his recently reconstructed prosthesis that were being delayed. In an affidavit dated December 3, 2012 (Doc. 14-1, Exhib. D), plaintiff stated that he has been confined to a wheelchair since September 28, 2010, because he does not have a properly fitted prosthesis and that proper fitting cannot occur "until further surgery is done." He also stated that he has "muscle and lung damage due to a gunshot wound that prevents him from using crutches effectively."

Furthermore, in plaintiff's First Amended Complaint he states only that he has filed BP-9 and BP-8 remedies. Thus his complaint together with his own exhibits indicate that he did not fully and properly exhausted all available prison administrative remedies on his claims prior to filing this action in federal court. Plaintiff was required by 42 U.S.C. § 1997(e)(a) to fully and properly exhaust the available BOP administrative remedies including having filed a BP-8, BP-9, BP-10 and BP-11 prior to filing this action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). Because failure to exhaust is apparent from the pleadings, the court requires plaintiff to show in his Second Amended Complaint that he filed grievances regarding each of his claims at every available step of the BOP administrative remedies process and to provide copies or summaries of his grievances as well as the administrative responses.

**<u>OTHER MOTIONS</u>**

The court has considered plaintiff's motions for temporary restraining order and preliminary injunction and denies these motions. Plaintiff has filed a Notice of Change of Address, which indicates that he has been transferred to a federal prison outside this judicial district. It follows that his claims for injunctive relief at the USP-Leavenworth as well as the Leavenworth Detention Center are moot.

The court has considered plaintiff's motions for appointment

7

of counsel and finds that they should be denied. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court does not suggest that if plaintiff alleges sufficient facts to show he was harmed by conditions that violate the Eighth Amendment and that those conditions were caused by named defendants, he would fail to state a claim under the Eighth Amendment. On the other hand, in order to proceed on a claim for money damages in federal court at this time Mr. Gerlt must cure the significant deficiencies explained in this and the court's prior screening order. Because no special legal training is required to recount the facts surrounding an alleged injury, pro se litigants may be expected to present sufficient facts to state a claim without any legal assistance. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Considering the above circumstances, the Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim for money damages against the

defendants, named and unnamed; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. If this case progresses beyond screening and it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion.

The court has considered plaintiff's Motion Requesting Court Order for Preservation of Evidence (Doc. 15) and finds it must be denied. In this motion, plaintiff lists several alleged conditions such as black mold and sores and injuries on his body[4] and requests "photos and unbias (sic) witness." This request is too vague in that plaintiff does not describe evidence that already exists together with its location. Instead, he appears to ask the court to find photos of, and a witness to, his injuries and cell conditions and then preserve that evidence. Prior to seeking a court order regarding existing evidence, plaintiff must make some effort to obtain or preserve that evidence through available means including prison administrative remedies. Moreover, any discovery requests must comply with the Federal Rules of Civil Procedure, and Rule 26(d) expressly states that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except when otherwise authorized. Rule 26(f) provides for a conference of

---

[4] Any significant factual allegations or claims presented in this motion that are different from those made in the complaint are not before the court unless plaintiff presents them in his Second Amended Complaint. Plaintiff cannot add claims by simply presenting them in a motion, and instead must present them in a properly amended complaint.

9

the parties that includes the planning of discovery. Furthermore, requests for discovery at this juncture are premature since defendants have not yet been served. For these reasons, this motion is denied without prejudice.

Plaintiff's other filings are not actually motions. His letters regarding lack of access to a law library and copiers are not in the form of motions. In order to seek action by the court in a pending case, plaintiff must file a separate document with the caption and case number at the top of the first page together with a title that reflects the action the court is being asked to take. In addition, the movant must state facts in the motion showing his entitlement to the requested relief. A litigant may not request court action by simply submitting correspondence.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 8.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the following motions filed by plaintiff are denied: Motion for Temporary Restraining Order (Doc. 9), Motion for Preliminary Injunction (Doc. 14), Motions to Appoint Counsel (Docs. 14 & 18), Motion Requesting Court Order for Preservation of Evidence (Doc. 15).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint

(Doc. 16) is granted subject to his submitting a complete Second Amended Complaint upon forms provided by this court within thirty (30) days of the date of this Order.

The clerk is directed to send plaintiff § 1331 forms.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**