IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD R. GERLT,

           Plaintiff,

    v.                              CASE NO. 12-3195-SAC

United States of
America, et al.,

           Defendants.

## O R D E R

This pro se civil action, erroneously styled as a habeas corpus petition, was originally filed in the District of Missouri and transferred to this court because plaintiff was confined at the Leavenworth Detention Center, a private facility operated by Corrections Corporation of America (hereinafter CCA). The court screened the initial pleading, found that Mr. Gerlt complained of conditions of his confinement, and set forth several ways in which his pleading was deficient. Plaintiff was assessed an initial partial filing fee and given the opportunity to amend his complaint to cure the deficiencies. On October 8, 2012, the court dismissed this action for failure to pay the initial partial filing fee.

**MOTIONS FOR RELIEF FROM JUDGMENT**

Plaintiff has since filed four motions seeking to reopen this action and for relief from judgment. Plaintiff correctly states in his motions that he paid the initial partial filing fee in a timely manner. The court erroneously dismissed this action on the basis of his failure to pay the partial filing fee because the payment was not recorded upon the case docket sheet. Plaintiff's post-judgment motions are granted due to the court's error, and the case is re-opened.

**SCREENING OF SECOND AMENDED COMPLAINT**

The court has screened plaintiff's Second Amended Complaint (Doc. 23) and finds that a response is required by some but not all named defendants upon some but not all plaintiff's claims.

The court begins by noting Mr. Gerlt was informed that he was required by local court rule to submit his complaint upon court-approved forms and was provided those forms. His Second Amended Complaint again fails to comply with this local court rule because Mr. Gerlt does not fully utilize and complete the forms provided. Instead, he mainly refers to attachments, in which he does not clearly set forth each of his claims followed with the facts in support. The claims raised by Mr. Gerlt are replete with formulaic recitations and still omit dates and durations in many instances, making it difficult to detect plausible factual allegations. Mr. Gerlt is reminded that he is

required to adhere to local court rules as well as the Federal Rules of Civil Procedure, even as a pro se prisoner litigant.

### A. ALLEGATIONS AND CLAIMS IN SECOND AMENDED COMPLAINT

In his Second Amended Complaint, plaintiff alleges no facts whatsoever on the first five pages, which include the only pages of the court-approved form that he submits. All his allegations are presented in narrative form on eight non-form pages. The first two paragraphs of plaintiff's narrative are completely conclusory and at most indicate that, even though he cites numerous constitutional provisions, his main claim is of deliberate indifference to his serious medical needs under the Eighth Amendment.

Thereafter in his Second Amended Complaint, plaintiff's allegations are as follows. He is a wheelchair-bound amputee. He needs surgery at the stump site to amend nerve damage so he can be properly fitted with a prosthesis, which he also needs. He was denied a prosthesis by Steven Frankovich who stated in medical records that a "wheelchair is sufficient care." Being confined to a wheelchair has caused cruel and unusual punishment to plaintiff including atrophy, inability to walk, physical deterioration and mental anguish. He has been denied surgery "by all places and defendants" of his confinement for over three years.

Plaintiff was detained at the CCA in Leavenworth during "pre-trial and post-conviction" between September 8, 2010, and August 16, 2012. A court in Missouri recommended a "speedy transfer to a medical facility." He was under the care of the United States Marshals Service (USMS) and the registered agent of the CCA, "other defendants," and CCA personnel. At the CCA, plaintiff was detained "in violation of "the A.D.A." because the facility was not in compliance with Department of Justice "codes and regulations." "Defendants" knew he was "a disabled person as defined by the Rehabilitation Act" but at times did not provide him with handicap-accessible cells or showers. Plaintiff was detained in cells on upper stairway levels with no safety or accessibility features. Showers lacked stationary seats and mobile shower heads. On November 2, 2010, plaintiff was given a plastic bath chair that broke in a shower with uneven flooring, which caused plaintiff to fall. Plaintiff sustained serious neck and back injuries. Dr. Grote refused to see plaintiff, and it took two weeks for plaintiff to get in for x-rays. Plaintiff was left in severe pain for months, but was finally taken to St. Luke's Hospital for an MRI and epidural shots for temporary pain relief. To date he has not seen a specialist, as recommended.

Defendants Franovich, Warden Richardson, Dr. Grote, P.A. Saturfield "and all other applicable" acted "in concert" to deny

4

plaintiff sufficient medical treatment including rehabilitative and prosthesis needs, which resulted in further injury and unnecessary pain. Plaintiff filled out numerous medical requests and exhausted his administrative remedies and was advised by Warden Richardson to pursue his issues in court. "Defendants" knew plaintiff's conditions, and acted with deliberate indifference by sending him to the United States Penitentiary, Leavenworth (USPL) where he was the only wheelchair-bound person. The USPL is not a level-3 medical facility, as required by plaintiff and is not wheelchair-accessible. "Defendants" forced him to walk on a prosthetic leg that caused bruising, sores and pain, and he was made to walk up stairs. He suffered injuries from walking in an improperly fitted prosthesis. Plaintiff was detained at USPL for approximately 5 to 6 months and subjected to "multiple violations by Warden Claude Maye and his staff." He was discriminated against as a disabled person in that he was not provided access to the law library, the "leisure" library, religious services, recreational activities, educational programs, laundry service, canteen and much more that was provided to other inmates. Plaintiff filed numerous administrative remedies, and defendants at the USPL agreed he should never have been sent there.

Plaintiff had to pay other inmates for necessary assistance and was extorted by them. He reported this problem to Mr. Maye and his staff" who ignored the matter until plaintiff was assaulted. After plaintiff submitted a lawsuit, Mr. Maye began taking retaliatory action. Mr. Gerlt was placed in segregation, and his wheelchair was taken. He had no other means to move around, and for a few months was confined to a bed in a cell without a shower and with black mold, which led to bed sores all over his body and mental anguish.

In the month of December 2012, plaintiff spoke to Warden Maye about the shower not being accessible and stated he had not showered in five days. Maye told him to use "the little blue container," even though it was not ADA compliant. He informed Associate Warden Loftness of his inability to shower due to ADA violations. Finally, plaintiff describes an incident on January 3, 2013, in which Warden May came to plaintiff's cell on a routine visit and, after plaintiff yelled at him about the conditions, Maye acted in a very hostile and retaliatory manner. Maye cuffed plaintiff, forced him to crawl into the hallway resulting in sores and bruising, tore up plaintiff's belongings, threw his medical sheets and other items into the hallway, and threatened plaintiff.

Plaintiff, who is currently confined at the Federal Correctional Institution, Butner, North Carolina, is still being

denied a prosthesis "that is adequate to walk with because of improper socket molding." The latest denial was by P.A. Hunterbusky, who stated that plaintiff was too short on time, so surgery would not be scheduled.

Plaintiff cannot provide exact dates or detailed facts. He made multiple complaints in his 2009 criminal case to "the court" and his attorney, who finally filed two motions. The courts and defense counsel may be considered conspirators and defendants.

The relief requested by plaintiff includes (1) an order requiring defendants to provide surgery, treatment by a neck and back specialist, rehabilitation, and a properly-fitted prosthesis; (2) seven million dollars in compensatory damages; and (3) medical and all other related expenses for "all future care required."

**B. DEFENDANTS AND CLAIMS DISMISSED AND RESPONSE REQUIRED**

The court requires a responsive pleading on plaintiff's claims against the following individuals named as defendants: Warden Claude Maye and USM Steven Franovich. The court finds that sufficient facts are not alleged to show personal participation or other grounds for liability herein on the part of the following named defendants, who are therefore dismissed from this action without prejudice: United States of America,

"Federal Bureau of Prisons", John Doe, Jane Doe, Warden Angela Dunbar, and Dr. Chatterjee. Dunbar and Chatterjee are alleged to be employees of the FCI, Butner, North Carolina; are not alleged to have participated in any acts that occurred at the USPL, and are not shown to be within this court's jurisdiction. Furthermore, this action does not proceed against individuals who are not named as defendants in the caption. Rule 10 of the Federal Rules of Civil Procedure provides that all parties must be named in the caption of the complaint. Entities referred to as defendants elsewhere in the Second Amended Complaint are United States Attorney General and "Federal Bureau of Prisons - Grand Praire Texas." Again, plaintiff alleges no basis for liability on the part of these federal agencies which, in any event, as United States agencies are immune to suit for money damages. This is likewise true of plaintiff's conclusory statement that he was in the care of the United States Marshals Service. Any person or entity that defendant has mentioned in the body of his Second Amended Complaint that has not been named by him as a defendant is not treated by the court as a defendant. This includes judges who in any event are absolutely immune to suit, and defense attorneys who in any event do not act under color of state (or federal) law. Plaintiff may name additional defendants only by filing a complete Amended Complaint in which they are correctly designated.

The court finds that plaintiff may not properly join his claims regarding conditions at the CCA against employees of that private facility with his claims regarding conditions at the USPL against USPL employees. Plaintiff was previously informed that he cannot combine in a single lawsuit claims about acts taken by certain officials at one institution with claims about acts taken by different officials at another institution. Instead, claims may only be brought in a single lawsuit that have been caused by the same defendant or defendants, or when all the claims arise from the same set of facts or circumstances. Accordingly, plaintiff's claims regarding conditions at the CCA against employees at the CCA are dismissed from this action without prejudice. As a result, plaintiff's claims against Warden Richardson, Dr. Grote and P.A. Saturfield are dismissed without prejudice. In order to pursue these claims further, Mr. Gerlt must file a separate civil rights lawsuit upon court-provided forms limited to claims arising at the CCA against defendants who acted or failed to act at the CCA.

The court denies plaintiff's claims for injunctive relief in the form of an order requiring that he be provided surgery, treatment by a specialist, rehabilitation, and a properly-fitted prosthesis. Mr. Gerlt is no longer confined at the USPL. As a consequence, he is no longer subject to conditions there and is

9

no longer entitled to the provision of medical care by the USPL defendants.

In sum, this action proceeds upon plaintiff's claims for damages against USM Franovich and USPL Warden Maye, as a result of conditions and events alleged in the Second Amended Complaint to have occurred while Mr. Gerlt was confined at the USPL.

**IT IS THEREFORE ORDERED** that plaintiff's Motions for Relief from Judgment (Docs. 26, 28), Motion for Reconsideration (Doc. 27), and Motion to Reopen Case (Doc. 29) are granted, and this matter is hereby reopened.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice, as against the following named defendants: United States of America, "Federal Bureau of Prisons", Warden Richardson, Dr. Grote, P.A. Saturfield, John Doe, Jane Doe, Angela Dunbar, Dr. Chatterjee, United States Attorney General, and "Federal Bureau of Prisons - Grand Praire Texas."

**IT IS FURTHER ORDERED** that all of plaintiff's claims regarding conditions at the CCA against employees of the CCA are dismissed from this action, without prejudice; and that plaintiff's claims for injunctive relief, including that medical treatment be provided by defendants, are denied as moot.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule

4(d) of the Federal Rules of Procedure, to be served on the remaining defendants by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to the remaining defendants, and to the United States Attorney.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**