IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD R. GERLT,

      Plaintiff,

v.                                                    Case No. 5:12-cv-03195-JTM

UNITED STATES OF AMERICA, et el.,

      Defendants.

MEMORANDUM AND ORDER

      Plaintiff filed this action as a pro se prisoner on August 2, 2012, in the Western District of Missouri, complaining about conditions of confinement and violations of his right to adequate medical treatment at various correctional facilities, including at CCA in Leavenworth, Kansas. (Dkt. 1).  In September 2012, the case was transferred to the District of Kansas. (Dkts. 2 & 3).  Since that time, plaintiff has filed numerous motions and amended pleadings, including a third amended complaint filed in March 2015. (Dkt. 46). He has also filed multiple changes of address, including a notice in February 2013 that he was incarcerated at the Federal Correctional Facility in Butner, North Carolina (Dkt. 17), and the most recent notice (July 2014) listing an address in Fayette, Missouri. (Dkt. 42).  Since then, several case filings have been mailed to plaintiff at the Fayette address but have been returned as undeliverable. (See Dkts.  69, 71, 73, 77, 78, 81).

      The matter is now before the court on the defendants' motion to dismiss for lack of jurisdiction or, in the alternative, for summary judgment. (Dkt. 79). The motion was

electronically filed on September 21, 2015, and was served on plaintiff by mail, but the return shows it was undeliverable. (Dkt. 81). Plaintiff has not filed a response.

As plaintiff's prior filings show, he is capable of notifying the court and the parties of changes in address. His apparent failure to keep a current address on file has essentially stopped the litigation.

The rules of this court provide that each attorney or pro se party must notify the clerk of any change in address, and that "[a]ny notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. R. 5.1(c)(3).

Defendants are entitled to a ruling on the arguments raised in their motion. Plaintiff's failure to respond means the defendants' motion is uncontested. See D. Kan. R. 7.4(b).

Consistent with *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) and other cases, the court has reviewed the uncontested facts asserted in defendants' brief and determines that defendants have met their burden to show that no genuine issue of fact exists and that they are entitled to judgment as a matter of law.

To the extent plaintiff has asserted *Bivens* claims against defendants in their official capacities, the claims are barred by sovereign immunity. *See Weaver v. United States*, 98 F.3d 518, 520-21 (10th Cir. 1986). To the extent plaintiff asserts claims against the United States under the Federal Tort Claims Act, the court lacks jurisdiction because plaintiff has not presented those claims to the appropriate federal agency as required by 28 U.S.C. §2401(b). His claims against defendants Blevins, Campbell and Gregory are likewise subject to dismissal because as federal employees acting within the scope of

2

their employment, these individuals are immune from suit. *See* 42 U.S.C. § 233(a) (the FTCA remedy against the United States is the exclusive remedy for injury from medical services provided by Public Health Service employees). Finally, to the extent plaintiff asserts other claims against the defendants arising from the conditions of his confinement and/or arising under the Americans With Disabilities Act, the court finds that plaintiff has failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff's bare allegation that he was prevented from exhausting such remedies fails to show a genuine issue of fact in light of defendants' extensive showing of the remedies available to an aggrieved prisoner. (Dkt. 80 at 4-14).

**IT IS THEREFORE ORDERED** this 9th day of December, 2015, that defendants' Motion to Dismiss for lack of jurisdiction (Dkt. 79) is GRANTED.

_____s/ J. Thomas Marten___
J. THOMAS MARTEN, JUDGE